UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAMELA KEMMIS,

    Plaintiff,

v.                                                               CASE NO. 3:11-cv-157-J-34JBT

TIMBERLAKE PROPERTY OWNER'S
ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Motion for Default Judgment Against the Defendants [sic] on Grounds Defendants [sic] Perjured Their Answers to the Plaintiffs' [sic] Interrogatories and to the Court ("Motion") (Doc. 66) and Defendant's Motion in Opposition thereto (Doc. 67), construed as a Response to the Motion. For the reasons stated herein, the Motion is due to be **DENIED**.

Plaintiff seeks the entry of a default judgment against Defendant "on the grounds that the Defendants [sic] have perjured themselves in two Courts of Law"—this Court and an identified county court—based on Defendant's August 15, 2012 answers to Plaintiff's July 14, 2012 Interrogatories, and because Defendant has allegedly failed "to answer any of the Complaints." (Doc. 66 at 10-11, 14, 17-19.)

Defendant's Response provides in relevant part:

> Defendant adamantly denies any allegation that its Answers to Plaintiff's Interrogatories were untruthful. In addition, Defendant asserts that the relief Plaintiff is seeking, a default judgment, is wholly improper

>and not appropriate in this action where Defendant has responded to each of Plaintiff's complaints as well as every other motion filed by Plaintiff.

(Doc. 67 at 2.)

Upon consideration, the Motion is due to be denied. First, the entry of a default judgment against Defendant is not proper based on Defendant's alleged failure "to answer any of the Complaints" because Defendant has not been defaulted. *See* Fed. R. Civ. P. 55(a); *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) (stating that a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue"). In its Order of June 13, 2011, the Court expressly refused to enter a default against Defendant because it "has made an appearance and defended this action by filing a timely Motion to Dismiss." (*See* Doc. 24 at 2.) Defendant has also responded to Plaintiff's Third Amended Complaint, entitled "Amended Civil Complaint," by filing another Motion to Dismiss. (Doc. 53.) Therefore, the entry of a default judgment on this basis is not appropriate.

Further, Plaintiff has not shown that the entry of a default judgment is proper as a sanction for Defendant's alleged perjury. Assuming that Plaintiff's Motion is the proper procedural mechanism for questioning the truthfulness of, or otherwise objecting to, Defendant's August 15, 2012 answers to Plaintiff's July 14, 2012 Interrogatories or any of Defendant's statements made in this case, Plaintiff has not

sufficiently identified the allegedly untruthful statements or proven that they are untrue. In addition, the Motion is not the proper mechanism for resolving what are essentially factual disputes. Finally, the entry of a default judgment, which is the most extreme sanction available, is clearly inappropriate under the circumstances. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions. . . . Moreover, we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."). The Court agrees with Defendant that a default judgment would be "wholly improper." (Doc. 67 at 2.) Moreover, Plaintiff has not shown that any sanction is appropriate.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 66**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on August 30, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff

Counsel of Record